HENRY C. HOPKINS, Respondent, v. JAMES F. A. CLARK et al.,
                            Appellants.

SUPREME COURT — APPELLATE DIVISION — RE-ARGUMENT OF APPEAL
DECIDED BY LATE COURT OF COMMON PLEAS.  The Appellate Division
of the Supreme Court, first department, has, under the Constitution and
laws of this state, jurisdiction to grant a motion for a re-argument and to
hear a re-argument of an appeal decided by the General Term of the late
Court of Common Pleas for the city and county of New York.

Hopkins v. Clark, 1 App. Div. 634, affirmed.

(Argued April 20, 1896; decided April 28, 1896.)

APPEAL from order of the Appellate Division of the
Supreme Court in the first judicial department, entered January 21, 1896, which granted a re-argument of an appeal
decided by the General Term of the late Court of Common
Pleas for the city and county of New York.

The facts, so far as material, are stated in the opinion.

*Paul D. Cravath* for appellants.  Neither the Constitution
nor the laws of the state have conferred upon the Appellate
Division of the Supreme Court power to order a re-argument
of an appeal once decided and disposed of by the General
Term of the Court of Common Pleas.  (Const. N. Y. art. 6,
§ 2; Code Civ. Pro. §§ 220, 280, 281, 1346–1349, 1356, 3191,
3193, 3213; *Waller* v. *Harris*, 20 Wend. 555; *Averell* v.
*Barber*, 44 N. Y. S. R. 542; *People* v. *N. T. Co.*, 31 Hun,
20; *Fisher* v. *Hepburn*, 48 N. Y. 41; *Kamp* v. *Kamp*, 59
N. Y. 212; *G. P. Co.* v. *C. V. P. Co.*, 5 Fed. Rep. 197;
*People* v. *Ballard*, 136 N. Y. 639; *People ex rel.* v. *Bergen*,
53 N. Y. 405.)  The General Term of the Common Pleas
would not have directed a re-argument, for the reason that
respondent did not bring his case within the rule governing
re-arguments.  (Hun's Court Rules [1888], rule 16.)

*Edgar J. Nathan* for respondent.  The Appellate Division
had the same power to grant the order as would have had
the General Term of the late Court of Common Pleas.

42

(Const. N. Y. art. 6, §§ 2, 5; Code Civ. Pro. § 220; Potter's Dwarris on Stat. 45; Cooley's Const. Lim. 73; *People* v. *N. Y. C. R. R. Co.*, 24 N. Y. 485; *People ex rel.* v. *Albertson*, 55 N. Y. 50.) The motion for re-argument was properly made and granted. (2 Rumsey's Prac. 687; *Averell* v. *Barber*, 44 N. Y. S. R. 542; *People* v. *Ballard*, 136 N. Y. 639.) The changes made by the Constitution related to procedure and remedy only. (Cooley's Const. Lim. 443; *Acker* v. *Acker*, 81 N. Y. 143; *Salter* v. *U. & B. R. R. R. Co.*, 86 N. Y. 401; *People* v. *Turner*, 117 N. Y. 227; *Stocking* v. *Hunt*, 3 Den. 274; *Lennon* v. *Mayor, etc.*, 55 N. Y. 361; *Van Rensselaer* v. *Read*, 26 N. Y. 558; *Penniman's Case*, 103 U. S. 741; *Tennessee* v. *Sneed*, 96 U. S. 69.)

Haight, J. This action was brought in the Court of Common Pleas where the plaintiff recovered a judgment. On appeal to the General Term the judgment was reversed and a new trial ordered at its November term, 1895. At the January term, 1896, of the Appellate Division, a motion was made for a re-argument, which was granted. The question for our determination comes here under a certificate of that court to the effect that a question of law has arisen, which in its opinion ought to be reviewed by the Court of Appeals. The question as stated is "Whether the Appellate Division of the Supreme Court, first department, under the Constitution and the laws of this state, has jurisdiction to grant a motion for a re-argument and to hear a re-argument of an appeal decided by the General Term of the late Court of Common Pleas for the city and county of New York at its November term, 1895; said motion for re-argument having been made in due time."

We think that the Appellate Division has jurisdiction to order and hear a re-argument of the appeal.

In article 6, section 2, of the Constitution it is provided that "From and after the last day of December, one thousand eight hundred and ninety-five, the Appellate Division shall have the jurisdiction now exercised by the Supreme Court at its General Terms, and by the General Terms of the Court

of Common Pleas for the city and county of New York, the Superior Court of the city of New York, the Superior Court of Buffalo and the City Court of Brooklyn, and such additional jurisdiction as may be conferred by the legislature."

By section 5 of the same article it is provided that "the Superior Court of the city of New York, the Court of Common Pleas for the city and county of New York, the Superior Court of Buffalo and the City Court of Brooklyn are abolished from and after the first day of January, one thousand eight hundred and ninety-six, and thereupon the seals, records, papers and documents of or belonging to such courts shall be deposited in the offices of the clerks of the several counties in which said courts now exist; and all actions and proceedings then pending in such courts shall be transferred to the Supreme Court for hearing and determination.  *  *  *  The jurisdiction now exercised by the several courts hereby abolished shall be vested in the Supreme Court."

These provisions are broad and fully cover the question under consideration.

The General Term of the Court of Common Pleas during its existence had jurisdiction to order and hear a re-argument. The jurisdiction exercised by it is now by express terms vested in the Appellate Division, and it may now make all the orders, judgments and decrees that formerly could have been made by that court.

No question is here made with reference to the merits.

The order should be affirmed, with costs.

All concur.

Order affirmed.